WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reyes Ruiz,<br><br>Plaintiff,<br><br>v.<br><br>Social Security Administration,<br><br>Defendant. | No. CV-12-00725-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion that Case be Kept Confidential (Doc. 24); (2) Plaintiff's Motion to Strike Notice of Filing of Social Security Transcript (Doc. 28) and (3) Plaintiff's Motion for an Award of Benefits (Doc. 31). The Court now rules on the Motions.

**I.      Plaintiff's Motion that Case be Kept Confidential (Doc. 24)**

Plaintiff requests that his case "be kept confidential to the public, not to include any Government of[f]ice" and asks that no information be giving to "any one claiming to be [his] family or the general public." (Doc. 24). Plaintiff has provided no reasons that the Court should seal this case.

There is a strong presumption in favor of public access to documents. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). A party seeking to seal a judicial record must overcome the strong presumption by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure. *Id.* at 1178–1179

(internal citations and quotations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id* . at 1179 (internal quotations and citations omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations and citations omitted).

There is an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion. *Id.* (internal citations omitted). To seal a document attached to a non-dispositive motion, the party seeking to seal must make a good cause showing under Federal Rule of Civil Procedure 26(c). *Id.* (internal citation omitted). However, even when a motion is not traditionally considered to be dispositive, if the motion could have a dispositive effect on the case, the compelling reasons standard should be applied. *See In re Midland Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119–1120 (9th Cir. 2012).

In this case, Plaintiff has provided no reasons why this entire case should be sealed. Accordingly, Plaintiff's Motion that Case be Kept Confidential (Doc. 24) is denied.

**II.   Plaintiff's Motion to Strike Notice of Filing of Social Security Transcript (Doc. 28)**

Plaintiff moves to strike pages 66, 67, and 68 from the Administrative Transcript of Record because "the conclusion" in those documents is "simply speculation and incorrect." (Doc. 28). Pages 66, 67, and 68 of the Administrative Transcript of Record are part of the Social Security Administration's "Notice of Disapproved Claims" to Plaintiff. Plaintiff's disagreement with the Social Security Administration's decision does not constitute a reason to strike that decision from this Court's Record. Accordingly, Plaintiff's Motion to Strike Notice of Filing of Social Security Transcript (Doc. 28) is denied.

- 2 -

### III. Plaintiff's Motion for an Award of Benefits (Doc. 31)

Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of Plaintiff's Title II application for disability insurance benefits and Title XVI application for supplemental security income based on disability.

Plaintiff filed his applications in February 2009, alleging disability beginning November 1, 2008. (Record Transcript ("TR") 130). Plaintiff's claims were denied on May 1, 2009. Reconsideration was denied on February 17, 2010. After an administrative hearing, Plaintiff's claims were again denied on April 27, 2011. On February 13, 2012, the Appeals Counsel denied Plaintiff's request for review.

On April 5, 2012, Plaintiff filed his Complaint for Judicial Review of the Administrative Determination of Claim, which is the subject of this appeal (Doc. 1). Plaintiff argues that the Court should vacate the Administrative Law Decision because he has a medical condition which prevented him from working for twelve or more months. (Doc. 31 and Doc. 35).

#### A. Legal Standard

The Commissioner's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation omitted). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the administrative law judge's conclusions and the evidence that detracts from the administrative law judge's conclusions. *Id.* If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination for that of the ALJ. *Id.* Additionally, the administrative law judge is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See*

*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before this Court, substantial evidence supports the Commissioner's decision, this Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g).

### 1. Definition of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show, among other things, that he is "under a disability." 42 U.S.C. § 423(a)(1)(E). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is "under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

### 2. Five-Step Evaluation Process

The Social Security regulations set forth a five-step sequential process for evaluating disability claims. 20 C.F.R. § 404.1520; *see also Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.1998) (describing the sequential process). A finding of "not disabled" at any step in the sequential process will end the ALJ's inquiry. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the ALJ at the final step. *Reddick,* 157 F.3d at 721.

The five steps are as follows:

1. First, the ALJ determines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled.

2. If the claimant is not gainfully employed, the ALJ next determines whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [the

claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities means the "abilities and aptitudes to do most jobs." 20 C.F.R. § 404.1521(b). Further, the impairment must either be expected "to result in death" or "to last for a continuous period of twelve months." 20 C.F.R. § 404.1509 (incorporated by reference in 20 C.F.R. § 404.1520(a)(4)(ii)). The "step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

3. Having found a severe impairment, the ALJ next determines whether the impairment "meets or equals" one of the impairments specifically listed in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is found disabled without considering the claimant's age, education, and work experience. 20 C.F.R. at § 404.1520(d).

4. At step four, the ALJ determines whether, despite the impairments, the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). To make this determination, the ALJ compares its "residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can still perform the kind of work the claimant previously did, the claimant is not disabled. Otherwise, the ALJ proceeds to the final step.

5. At the final step, the ALJ determines whether the claimant "can make an adjustment to other work" that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ considers the claimant's residual functional capacity, together with vocational factors (age, education, and work experience). 20 C.F.R. § 404.1520(g)(1). If the claimant can make an adjustment to other work, then he is not disabled. If the claimant cannot perform other work, he will be found disabled. As previously noted, the ALJ has the burden of proving the claimant can perform other substantial gainful work that exists in the national economy. *Reddick,* 157 F.3d at 721.

**B.     Analysis**

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since November 1, 2008, (2) had the following severe impairments: degenerative disk disease of the lumbar spine, status-post anterior and posterior laminectomy, discectomy, and fusion with instrumentation, and depression, (3) did not have an impairment or combination of impairments specifically listed in the regulations, (4) had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b); (5) could not perform past relevant work; and (6) could perform jobs in the national economy such as garment sorter, mail clerk, and bench assembler. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act.  (TR 27-36).

Plaintiff makes no specific objections to the ALJ's determinations.  Rather, Plaintiff argues that he has a medical condition that would prevent him from working for over a year and, thus, the ALJ erred in not finding him disabled.  From this, the Court assumes that Plaintiff challenges the ALJ's conclusion that Plaintiff is able to perform jobs that exist in significant numbers in the national economy.

> Once the claimant makes a showing that he suffers from a severe impairment that prevents him from doing past work, the Commissioner of Social Security ("Commissioner") bears the burden of showing that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience.  The Commissioner can meet this burden in one of two ways: (a) by the testimony of a vocational expert, or (b) by reference to the Medical–Vocational Guidelines ['the grids'] at 20 C.F.R. pt. 404, subpt. P, app. 2.

*Lockwood v. Commissioner of Social Security*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal citations omitted).

In this case, the ALJ relied on the opinion of a Vocational Expert ("VE"). The ALJ posed a hypothetical to the ALJ containing all of Plaintiff's limitations that the ALJ

1 found credible and supported by substantial evidence in the record. The ALJ asked the
2 VE whether jobs exist in the national economy for an individual with the claimant's age,
3 education, work experience, and residual functional capacity. (TR 58). In response, the
4 VE testified that, given all of those factors, Plaintiff could perform work as a garment
5 sorter, mail clerk, or bench assembler. The ALJ found that the VE's testimony was
6 consistent with the information contained in the Dictionary of Occupational Titles.

7 The ALJ did not commit error at Step Five. The ALJ relied on testimony the VE
8 gave in response to the hypothetical based on Plaintiff's limitations that the ALJ found
9 credible and supported by substantial evidence in the record. This reliance was proper.
10 *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding that it is proper
11 for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the
12 record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-1218 (9th Cir. 2005). Moreover, the
13 restrictions given by the ALJ in her hypothetical to the VE were supported by the record
14 as explained in her opinion. (TR 31-34). Accordingly, the ALJ did not err in finding
15 Plaintiff not disabled as defined in the Social Security Act.

16 **IV. Conclusion**
17 Based on the foregoing,
18 **IT IS ORDERED** that Plaintiff's Motion that Case be Kept Confidential (Doc.
19 24) is denied.
20 **IT IS ORDERED** that Plaintiff's Motion to Strike Notice of Filing of Social
21 Security Transcript (Doc. 28) is denied.
22 **IT IS ORDERED** that Plaintiff's Motion for an Award of Benefits (Doc. 31) is
23 denied.
24 ///
25
26 //
27
28 /

**IT IS ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.  The judgment will serve as the mandate of this Court.

Dated this 29th day of July, 2013.

_____
James A. Teilborg
Senior United States District Judge